## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNA FRUSHER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 4-22-cv-1115 |
| | § | |
| **DAVID'S BRIDAL, LLC** | § | |
| **D/B/A DAVID'S BRIDAL OF HURST** | § | |
| **AND CRYSTAL MITCHELL** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Federal Rule of Civil Procedure 81 and Local Rule 81, Defendants David's Bridal, LLC ("David's Bridal") and Crystal Mitchell ("Mitchell") (collectively, "Defendants") file this Notice of Removal and show the Court as follows:

### I.      INTRODUCTION

Plaintiff Jenna Frusher ("Plaintiff") filed the underlying lawsuit on November 2, 2022, in the 352nd Judicial District Court of Tarrant County, Texas. This action, Cause No. 352-338211-22 and styled *Jenna Frusher v. David's Bridal, LLC d/b/a David's Bridal of Hurst, and Crystal Mitchell,* (the "State Court Action") arises from Plaintiff's former employment relationship with David's Bridal. Mitchell was Plaintiff's supervisor during her employment with David's Bridal.

The Petition asserts causes of action against David's Bridal under chapter 21 of the Texas Labor Code for disability-based hostile work environment harassment; failure to provide reasonable accommodation and engage in the interactive process; disability-based discrimination;

and discriminatory discharge.  Additionally, Plaintiff asserts two claims against Mitchell for invasion of privacy in the form of public disclosure of private facts and intrusion upon seclusion.

## II.    COMPLIANCE WITH REMOVAL STATUTE

### A.    Timeliness of Removal

On November 16, 2022, David's Bridal was served with Citation and Plaintiff's Original Petition (the "Petition").  Mitchell was served with Citation and the Petition on November 21, 2022.  This Notice is being filed with this Court within thirty (30) days of the date on which Defendants were served with citation and petition. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

### B.    Venue

This Notice of Removal is properly filed in the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1446(a), because the District Court of Tarrant County, Texas, where the State Court Action was filed, is located in this federal judicial district and division.

### C.    Notice of Removal

Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the 352nd Judicial District Court of Tarrant County, Texas, where the State Court Action was filed, as required by 28 U.S.C. § 1446(d).

### D.    Accompanying Documents

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, true and correct copies of all process and pleadings in the State Court Action are attached to this Notice of Removal, along with an accompanying index.  In addition, a completed Federal Civil Cover Sheet, Supplemental Civil Cover Sheet and removal fee accompany this Notice of Removal.

### III.    BASIS FOR REMOVAL

This action is removable to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. §§ 1332, 1348 (diversity).  A party may seek to remove claims to federal court in civil actions "between citizens of different States if the amount in controversy exceeds $75,000." *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016).  As discussed below, there is complete diversity of citizenship between Plaintiff and David's Bridal, and Mitchell was improperly joined. Moreover, the amount in controversy exceeds $75,000.

A.    Diversity of Citizenship.

1.    Complete Diversity of Citizenship Exists Between Plaintiff and David's Bridal.

Plaintiff admits she is a citizen of Texas.  (Petition ¶ 2).  Plaintiff further admits that David's Bridal is a foreign entity with its principal place of business located outside of Texas. (Petition ¶ 3).

As David's Bridal is a limited liability company, its citizenship is determined by the citizenship of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The sole member of David's Bridal, LLC is DBI Midco, Inc.  (*See* Declaration of Gary Walker, attached to this Notice of Removal, (hereinafter "Walker Decl.") ¶ 3).  DBI Midco, Inc. was incorporated under the laws of the State of Delaware, with its principal place of business, now and when this case was commenced, at 251 Little Falls Drive, Wilmington, Delaware 19808. (Walker Decl. ¶¶ 4-5).  DBI Midco, Inc. is, therefore, a citizen of Delaware.

Because David's Bridal, LLC takes the citizenship of its sole member, DBI Midco Inc., David's Bridal LLC is also a citizen of Delaware.  Accordingly, complete diversity of citizenship exists between Plaintiff and David's Bridal LLC.

**2.      Mitchell's Citizenship Should Be Disregarded Because She Has Been Improperly Joined as a Defendant.**

Defendant Mitchell is a citizen of the State of Texas; however, her citizenship must be disregarded for purposes of diversity jurisdiction because she has been improperly joined in this matter.  *See Flagg,* 819 F.3d at 136; *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Improper joinder may be established by showing either (1) that there is actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the non-diverse party in state court.  *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)).  A court may determine whether a party has been improperly joined based on the second ground by conducting a Rule 12(b)(6) analysis.  *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (holding that the court may initially look at the allegations to determine whether the complaint states a claim against the in-state defendant).

The plaintiff must have "a reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).  The Fifth Circuit has held that the sufficiency of a Plaintiff's state-court petition for purposes of a removal and improper joinder analysis is measured under federal court pleading standards.  *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).  Under the federal pleading standard, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The factual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)."  *Id.* at 555.

In this case, there is no reasonable possibility that Plaintiff will be able to establish a cause of action against Mitchell under the two invasion of privacy claims she has asserted.[1]

    a.   The Petition Fails to Allege Facts Stating a Plausible Claim Against Mitchell for Public Disclosure of Private Facts.

Plaintiff's claim against Mitchell for public disclosure of private facts fails as a matter of law. To state a claim of invasion of privacy based on publication of private facts, Plaintiff must allege that (1) the publicized information contains highly intimate or embarrassing facts about her private affairs; (2) such information was communicated to the public at large; and (3) the information is not of legitimate concern to the public. *See Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 250 (5th Cir. 2007) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995)).

It is well settled in Texas that the publicity element of this tort is not satisfied if the communication was merely "to a small group of persons"; rather, "the matter must be communicated to the public at large, such that the matter becomes one of public knowledge." *Amin v. United Parcel Serv.*, No. 3:19-cv-02578-X, 2020 U.S. Dist. LEXIS 107651, at *14-15 (N.D. Tex. Jun. 18, 2020) (quoting *Industrial Found. of the South v. Tex. Indus. Accident Bd.,* 540 S.W.2d 668, 683 (Tex. 1976), *cert. denied*, 430 U.S. 931 (1977)); *see also Johnson v. Sawyer*, 47 F.3d 716, 731 (5th Cir. 1995) (en banc).

Plaintiff's claim fails because the Petition does not allege that Mitchell disclosed private facts to the public at large. Plaintiff alleges only that after she told Mitchell about her disabilities, Mitchell disclosed this information to other employees in the store. (Petition ¶¶ 13, 59.) Courts, however, have consistently dismissed public disclosure claims when the alleged disclosure was

---

[1] The Petition asserts these claims against "Crystal Martin" and thereafter refers to "Martin" rather than "Mitchell." This Notice assumes, in Plaintiff's favor, that the name substitution was a typographical error.

not to the general public but to a more limited group of people. *See, e.g., Gates v. City of Dallas,* No. 3:96-CV-2198-D, 1998 U.S. Dist. LEXIS 3442, at *31 (N.D. Tex. Mar. 18, 1998) (no claim where plaintiff alleged defendant distributed medical information about plaintiff to other police sergeants but did not allege disclosure to the public at large; *Waller v. Waller*, No. 12-19-00226-CV, 2020 Tex. App. LEXIS 4239, at *38 (Tex. App.—Tyler June 5, 2020, no pet.) (mem. op.) (affirming dismissal where plaintiff alleged that defendant disclosed private facts to her house guests but did not allege communication to the public at large); *Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 6 (Tex. App.—Corpus Christi 1991, no writ) (no claim where disclosures were only to company management).

It is thus facially apparent from Plaintiff's Petition that Plaintiff cannot establish the essential elements of her claim for public disclosure of private facts.

   b. <u>The Petition Fails to Allege Facts Demonstrating a Reasonable Possibility of Recovery Against Mitchell for Intrusion Upon Seclusion</u>.

To state a claim for invasion of privacy by inclusion upon seclusion, Plaintiff must allege "(1) an intentional intrusion, physically or otherwise, upon [her] solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). This type of invasion of privacy is "conceptually a quasi-trespass tort." *Doe v. U.S.*, 83 F. Supp. 2d 833, 841 (S.D. Tex. 2000). It "is generally associated with either a physical invasion of a person's property or eavesdropping on another's conversation with the aid of wiretaps, microphones or spying." *Wilhite*, 812 S.W.2d at 6 (affirming summary judgment where plaintiff did not allege invasion of property or eavesdropping).

Courts have routinely rejected claims for intrusion upon seclusion absent a physical intrusion or eavesdropping. *See, e.g., Cornhill Ins. PLC v. Valsamis,* 106 F.3d 80, 85 (5th Cir.) (no claim where plaintiff alleged defendant made offensive comments and inappropriate

Case 4:22-cv-01115-P   Document 1   Filed 12/16/22   Page 7 of 11   PageID 7

advances), *cert. denied*, 522 U.S. 818 (1997); *Amin*, 2020 U.S. Dist. LEXIS 107651, at \*16 (no claim where allegation was that defendant interfered with plaintiff's attempts to seek seclusion); *Soda v. Caney*, 2012 Tex. App. LEXIS 4433, at \*6 (Tex. App.—Dallas Jun. 5, 2012, pet. denied) ("[Appellant] cites no authority, nor have we found any, where a Texas court concluded a party suffered an intrusion upon his seclusion absent evidence of a physical invasion or eavesdropping."); *Clayton v. Wisener*, 190 S.W.3d 685, 696-97 (Tex. App.—Tyler 2005, no writ) (no claim based on defendant's sexual harassment and alleged misreading of a medical scan).

Because this claim by its nature requires an intrusion, it does not arise from the disclosure of private information:  "The core of the tort of invasion of privacy is the offense of prying into the private domain of another, not the publicity that may result from such prying."  *Tipping v. Martin,* No. 3:15-cv-2951-BN, 2015 U.S. Dist. LEXIS 139583, at \*13-14 (N.D. Tex. Oct. 14, 2015) (mem. op.) (quoting *Clayton v. Richards*, 47 S.W.3d 149, 156 (Tex. App.—Texarkana 2001, pet. denied)).  Thus, "the case law does not support a contorted view that disclosure of medical records to a third party qualifies as an act of intrusion, even though the disclosure exceeded prior authorization."  *Walters v. Blue Cross & Blue Shield of Tex., Inc.*, No. 3:21-CV0981-L, 2022 U.S. Dist. LEXIS 55061, at \*10 (N.D. Tex. Mar. 28, 2022).

Plaintiff's intrusion upon seclusion claim rests entirely on Mitchell's alleged disclosure of Plaintiff's claimed disabilities.  The Petition alleges that: (1) Plaintiff "told [Mitchell] about her disabilities solely to obtain workplace accommodations"; (2) Mitchell disclosed those facts to Plaintiff's coworkers; and (3) such disclosure "constituted an intrusion upon Plaintiff's private concerns" that was offensive to Plaintiff.  (Petition ¶¶ 65-68).  Plaintiff alleges no eavesdropping, wiretapping, or physical intrusion, but only disclosure.  As a matter of law, the allegations in the Petition cannot sustain a claim for intrusion upon seclusion.

DEFENDANTS' NOTICE OF REMOVAL                                                                    PAGE 7

Because the Petition on its face states no plausible claim against Mitchell for public disclosure of private facts or intrusion upon seclusion, it is evident that Mitchell was improperly joined.  No further analysis is required.

      c.   <u>Plaintiff's Claims Against Mitchell are Preempted by the Texas Commission of Human Rights Act.</u>

Even if the Petition were to allege the essential elements of an invasion of privacy claim against Mitchell, however, such a claim could not survive a Rule 12(b)(6) analysis for the separate reason that it is preempted by the Texas Commission of Human Rights Act, Texas Labor Code chapter 21 ("TCHRA").

The TCHRA supplants common-law causes of actions when the gravamen of the cause of action is unlawful discrimination or retaliation.  *See Waffle-House, Inc. v. Williams,* 313 S.W.3d 796, 802-09 (Tex. 2010); *City of Waco v. Lopez,* 259 S.W.3d 147, 156 (Tex. 2008); *Hoffman-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d, 438, 448 (Tex. 2004).  Texas courts have repeatedly found common-law claims against both employers and supervisors to be preempted by the TCHRA on the ground that the claims were predicated on the underlying facts pertaining to the plaintiff's claims of unlawful discrimination.  *See, e.g., Friedrichsen v. Rodriguez,* No. 14-19-00850-CV, 2021 Tex. App. LEXIS 8627, at *12-16 (Tex. App.—Houston [14th Dis.] Oct. 26, 2021, no pet.) (claims for intentional infliction of emotional distress and defamation of business reputation were preempted because the gravamen was age discrimination and retaliation); *Montes v. Overhead Door Corp.,* No. 13-19-00018-CV, 2019 Tex. App. LEXIS 9889, at *6-8 (Tex. App.—Corpus Christi Nov. 14, 2019, no pet.) (mem. op.) (defamation and fraudulent inducement claims against employer and supervisors were preempted because they were premised on the facts giving rise to the race discrimination allegations); *Woods v. Communities in Sch. S.E. Tex.*, No. 09-14-000021-CV, 2015 Tex. App. LEXIS 5172, at *2-7 (Tex. App.—Beaumont May 21, 2015, no pet.) (mem.

op.) (breach of contract and fraud claims foreclosed by the TCHRA because they were "inextricably intertwined with the facts giving rise to [plaintiffs'] complaints of race discrimination and retaliation"); *Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (plaintiff's intentional infliction of emotional distress, breach of fiduciary duty and tortious interference claims were all preempted by Chapter 21 because the gravamen of plaintiff's claims was racial discrimination).

There is no question in this case that the gravamen of Plaintiff's claim is disability discrimination.  Plaintiff alleges that she told Mitchell about her disabilities to request workplace accommodations, that Mitchell disclosed her disabilities to other store employees, and that such employees then created a hostile work environment by making inappropriate comments to Plaintiff.  (Petition ¶¶ 11-23).  Plaintiff asserts claims for disability-based harassment and discrimination under the TCHRA.  (Petition ¶¶ 33-43, 52-57).  The underlying facts relating to Mitchell's alleged disclosure are inextricably intertwined with the facts giving rise to Plaintiff's claims for harassment and discrimination under the TCHRA and, accordingly, preempted. *See Friedrichsen*, 2021 Tex. App. LEXIS 8627, at *12-16; *Montes*, 2019 Tex. App. LEXIS 9889, at *6-8; *Woods*, 2015 Tex. App. LEXIS 5172, at *2-7; *Pruitt*, 366 S.W.3d at 750.

In sum, Plaintiff cannot assert a plausible claim for relief against Mitchell, and Mitchell was not properly joined as a Defendant.  Mitchell's citizenship does not defeat diversity. *See Campbell*, 509 F.3d at 669.

**B.**     **Amount in Controversy**

A removing party can satisfy the amount in controversy requirement where it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See Manguno v.*

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Here, the Petition expressly states that "Plaintiff seeks monetary relief over one million dollars." (Petition ¶ 7).

The Petition also states that Plaintiff seeks multiple categories of damages, including back pay and front pay (including benefits), compensatory damages and punitive damages.   (Petition ¶¶ 70-71, 84).  Plaintiff also asserts that she "is entitled to recover a reasonable attorneys' fee from David's Bridal, including reasonable expert fees." (*Id.* ¶ 78).  Taken together, Plaintiff's claims for damages and Plaintiff's statement that she is seeking relief over $1,000,000 are more than sufficient to establish that the amount in controversy exceeds $75,000.  *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (holding amount in controversy requirement was met even though plaintiff did not allege a specific amount of damages, but claimed damages for punitive damages, attorneys' fees, lost pay, lost fringe benefits, front pay, loss of wage-earning capacity, harm to [plaintiff's] credit and credit reputation, and mental anguish and emotional distress).

Accordingly, because this action is wholly between citizens of different states and because the amount in controversy exceeds $75,000 exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Therefore, this action is removable pursuant to 28 U.S.C. § 1441.

## IV.   <u>PRAYER</u>

For the foregoing reasons, Defendants respectfully request that further proceedings in the underlying state court action be discontinued and that this suit be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

By: */s/ Katrin U. Schatz* _____
    Katrin U. Schatz
    Texas Bar No. 00796284
    Katrin.Schatrz@jacksonlewis.com
    Logan C. Adams
    Texas Bar No. 24126366
    Logan.Adams@jacksonlewis.com

**JACKSON LEWIS P.C.**
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of December 2022, I electronically filed Defendants' Notice of Removal with the Clerk of the Court for the Northern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record:

    Matthew R. Scott
    matt@mattscottlaw.com
    **Scott Law Firm PLLC**
    Founders Square
    900 Jackson Street, Suite 550
    Dallas, Texas 75202

                */s/ Katrin U. Schatz* _____
                Attorney for Defendants